IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. SAG-21-0131 |
| NICHOLAS MAMEA, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

The United States of America, by its undersigned counsel, respectfully submits this Opposition to Defendant's Motion to Modify Conditions of Pretrial Release, docketed at ECF No. 65. As explained below, the Defendant's motion should be denied.

**PROCEDURAL BACKGROUND**

On April 28, 2021, the grand jury returned an indictment charging the Defendant with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1), and with possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a). ECF No. 1. The Defendant had his initial appearance and arraignment on May 5, 2021. ECF Nos. 5, 6.

After a detention hearing on May 28, 2021, the Court ordered the Defendant released with certain conditions. See ECF No. 29. The Order Setting Conditions of Release was docketed on June 1, 2021, and it required, among other things, for the Defendant to submit to location monitoring and to be restricted to his residence. ECF No. 30.

The next day, on June 2, 2021, the Defendant filed a Motion to Modify Conditions of Pretrial Release, seeking an unspecified modification that would allow him to continue working.

ECF No. 31.  The United States opposed the request because it was not supported by any information or details about the nature of the Defendant's proposed employment.  See Exhibit A to ECF No. 32.  Pretrial Services also opposed the Defendant's request, explaining that it was "opposed to the defendant working without having established any successful time under supervision with location monitoring."  See Exhibit B to ECF No. 32.

On June 3, 2021, the Court denied the Defendant's Motion to Modify Conditions of Pretrial Release.  See ECF No. 32.  The Court explained that although it "views approved employment as a stabilizing force in ensuring compliance with conditions of release," the Court ordinarily "looks for a sustained period of compliance before modifying conditions of release." Id.  Therefore, the Court denied the Defendant's motion without prejudice.  The Court made clear, however, that "[a]t the time of refiling, Defendant's request should contain the specifics of requested employment as noted by the Government, and those logistics should also be approved by Pretrial Services."  Id.

On August 26, 2021, the Defendant filed a second Motion to Modify Conditions of Pretrial Release.  ECF No. 65.  In his motion, the Defendant requested the complete removal of the location monitoring condition so the Defendant could return to work.  ECF No. 65.  The Defendant also attached what appear to be three paystubs in support of the proposition that the "Defendant has been employed with Compass Group USA Inc. for over 6.5 years … and is currently utilizing accumulated leave in order to keep his position with the company." Id. ¶ 7.  No other details about the Defendant's proposed employment plan were provided, nor did the Defendant state whether the request had been approved by Pretrial Services, or even whether the Defendant has had discussions with Pretrial Services about his request.

As explained below, the Defendant's motion should be denied.

## **ARGUMENT**

The Defendant's request for the complete removal of his location monitoring condition is not supported by any relevant details about his proposed employment. For example, he does not provide his proposed work schedule, the location where he would be working, or the name or contact information for his supervisor(s). Without this basic information, it is impossible to assess whether the Defendant's proposed plan for employment is reasonable. Even if this information had been provided, however, there would not necessarily be a basis for the complete removal of location monitoring to allow the Defendant to work. Indeed, it might well be appropriate for the Defendant to be placed on a curfew or to be permitted to leave his residence to go to work on certain days and during certain times. The Defendant has not explained why all forms of location monitoring must disappear to accomplish the goal of continued employment.

What is more, in denying the Defendant's first modification request without prejudice, the Court specifically instructed the Defendant that any subsequent request "should contain the specifics of requested employment as noted by the Government, and those logistics should also be approved by Pretrial Services." ECF No. 32. The Defendant has neither included the specifics of his requested employment, nor has he sought or obtained approval from the Pretrial Services Officer in the District of Maryland who is supervising the Defendant. When government counsel asked Defense counsel for more information about the Defendant's proposed employment plan, Defense counsel merely provided the name and phone number for a Pretrial Services Officer in California who is supervising the Defendant and stated that she has no objection to the Defendant being taken off location monitoring. Undersigned counsel has discussed the Defendant's modification request with U.S. Probation/Pretrial Services Officer Nicholas Luko, who is the supervising Officer in this District. Mr. Luko indicated that he has not received any details

3

concerning the Defendant's requested employment and is therefore opposed to any modification of the Defendant's conditions of pretrial release at this time.

The United States would very likely consent to a reasonable modification to the Defendant's pretrial release conditions to allow the Defendant to go to work.  However, without the basic information described above, the United States simply cannot evaluate the reasonableness of the Defendant's current request.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Court deny the Defendant's motion.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

_____/s/ Anatoly Smolkin_____
Anatoly Smolkin
Christopher M. Rigali
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
Tel.: (410) 209-4800
Fax: (410) 962-3124
Anatoly.Smolkin@usdoj.gov
Christopher.Rigali@usdoj.gov

Dated:  September 2, 2021